UNITED STATES DISTRICT COURT
NORTHERN DISTRICT NEW YORK

| | |
|---|---|
| BRITTANI KIRBY and KAREEM SULLIVAN, individually and on behalf of all other persons similarly situated, | Index No.: 5:19-cv-1306 (FJS/ML) |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| - against - | |
| FIC RESTAURANTS, INC., | **JURY TRIAL** |
| Defendant. | |

Plaintiffs, by their attorneys Gattuso & Ciotoli, PLLC, and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") § 190 *et seq.*, § 663, § 651 et seq., and § 650 et seq.; 12 New York Codes, Rules, and Regulations ("NYCRR") § 146-1.2, 146-1.3, 146-1.6, 146-1.7, 146-2.2, 146-2.3, 146-2.9; on behalf of Named Plaintiffs and a putative class and collective of individuals who furnished labor to Defendant FIC RESTAURANTS, INC. (collectively "Defendant"), and and/or other entities affiliated or controlled by Defendant, individually, to recover unpaid minimum wages, "spread of hours" compensation, uniform maintenance payments, and unpaid tips and gratuities for work performed on behalf of Defendant by Named Plaintiffs and other members of the putative class (collectively "Plaintiffs").

2.     Defendant operates a single integrated business, consisting of over one hundred restaurants known as Friendly's, which are businesses engaged in the food service, catering and restaurant industry.

1

3.     Throughout Plaintiffs' employment, Defendant'ss single integrated enterprise has jointly employed Plaintiffs, who performed work at Defendant'ss Restaurants.

4.     Defendant'ss Restaurants constitute and represent the "Friendly's" restaurant brand.  All Defendant Restaurants use the same internal and external logos (the "Friendly's logo"), same or similar interior décor, including same or similar table tops, chair covers, plates and etc., the same or similar menus which list Defendant Restaurants on their headings, require Plaintiffs to wear the same or similar uniforms with the Friendly's logo, share supplies, perform the same or similar food services, have the same or similar signage, use the same computer database to record sales and business information for all restaurants, and maintain websites that advertise the locations and phone numbers for all Defendant Restaurants.

5.     Plaintiffs perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendant to perform work at multiple Defendant Restaurants locations.

6.     Beginning in approximately October 2013 and, upon information and belief, continuing through the present, Defendant have engaged in a policy and practice of failing to pay Plaintiffs earned minimum wages for work they performed on behalf of Defendant.

7.     Beginning in approximately October 2013 and, upon information and belief, continuing through the present, Defendant engaged in a policy and practice of requiring Plaintiffs to regularly work over ten (10) hours per day without providing "spread of hours" compensation, as required by applicable New York State law.

2

8.    Beginning in approximately October 2013 and, upon information and belief, continuing through the present, Defendant did not monitor and/or record all of the actual hours worked by Plaintiffs.

9.    Beginning in approximately October 2013 and, upon information and belief, continuing through the present, Defendant have engaged in a policy and practice of unlawfully retaining Plaintiffs' tips.

10.    Beginning in approximately October 2013 and, upon information and belief, continuing through the present, Defendant have engaged in a policy and practice of failing to pay uniform maintenance pay as required under 12 NYCRR § 146-1.7.

11.    Beginning in approximately October 2013, and upon information and belief, until the present, Defendant charged customers a gratuity on all bills and catered events.

12.    Beginning in approximately October 2013, and upon information and belief, until the present, Defendant engaged in a policy and practice of failing to properly remit the entire gratuity to Plaintiffs, in violation of NYLL Article 6 § 196-d and the cases interpreting the same.

13.    Beginning in approximately October 2013 and, upon information and belief, until the present, Defendant instituted the practice of depriving their employees of minimum wages, spread of hours compensation and failing to remit all tips and gratuities as required by federal and state law.

14.    Defendant failed to provide proper wage notices and wage statements to Plaintiffs in violation of state law.

15.    Defendant have applied the same employment policies, practices and

procedures to all Plaintiffs that worked for Defendant, at all Defendant Restaurant locations.

16.    Named Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages, "spread of hours" compensation, uniform maintenance pay, and unpaid tips and gratuities that they were deprived of, as well as damages for Defendant's failure to provide Plaintiffs with wage notices and wage statements, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

17.    Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

18.    This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

19.    The statute of limitations under FLSA, 29 U.S.C. § 255(a), for a willful violation is three (3) years.

20.    The statute of limitations under NYLL § 198(3) is six (6) years.

## VENUE

21.    Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

22.    Named Plaintiff BRITTANI KIRBY is an individual and resident of Syracuse, New York.

23. Named Plaintiff KAREEM SULLIVAN is an individual and resident of Syracuse, New York.

24. Defendant FIC RESTAURANTS, INC. is a foreign business corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principle place of business located at 1855 Boston Road, Suite 200, Wilbraham, Massachusetts, and does business as Friendly's.

25. Defendant employed Plaintiffs and similarly situated employees at all relevant times.

26. Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

27. Defendant is a single integrated enterprise that jointly employed Plaintiffs and members of the putative class and collective at all locations at all relevant times.

28. Defendant centrally controlled the labor relations of the various Friendly's restaurants.

29. During all relevant times, Defendant have transferred and/or permitted employees to be shared by and between the Defendant's Restaurants without retraining.

30. At all relevant times, Defendant have maintained control, oversight, and direction over Plaintiffs, including payroll and other employment practices.

31. At all relevant times, all Defendant Restaurants applied and still apply the same employment policies, practices, and procedures to Plaintiffs, including with respect to minimum wage compensation, unlawful tip retention practices, uniform maintenance pay, wage notices and wage statement violations and/or "spread-of-hours" pay.

32. Upon information and belief, Defendant's annual gross volume of sales

made or business done is not less than $500,000.

<h2 style="text-align:center"><strong><u>CLASS ALLEGATIONS</u></strong></h2>

33.    Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

34.    This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

35.    This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendant as bus persons, waiters, captains, food runners, bartenders and all other employees who regularly and customarily receive tips, along with food preparation workers and "managers" whom Friendly's classified as non-exempt workers eligible to receive overtime payments.

36.    Named Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA and the NYLL by failing to pay minimum wages and other required compensation, and unlawfully retaining employees' tips.

37.    The putative class is so numerous that joinder of all members is impracticable.   The size of the putative class is believed to be in excess of 100 employees.   In addition, the names of all potential members of the putative class are not known.

38.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.   These questions of law and fact include, but are not limited to: (1) whether Defendant failed to pay the minimum wage

for all hours worked; (2) whether Defendant were entitled to utilize a "tip credit" against the minimum wage payment; (3) whether the Defendant failed to pay "spread of hours" compensation; (4) whether Defendant charged customers a gratuity on all bills; (5) whether Defendant and/or their agent(s) unlawfully retained employees' tips, or unlawfully allowed employees ineligible to share in tip pools to take shares of tips from tip pools; (6) whether Defendant had a policy of requiring tipped employees to performed Non-Tipped Work for a minimum of 2 hours or more a day and/or for more than twenty percent (20%) of their time at work in a day, whichever is less; and (7) whether Defendant failed to provide Plaintiffs with proper wage notices and wage statements during the time of their employment.

39.     The claims of the Named Plaintiffs are typical of the claims of the putative class members.    Named Plaintiffs and putative class members were all subject to Defendant's policies and willful practice of failing to pay minimum wages, and unlawfully retaining the tips and gratuities of employees, along with uniform maintenance pay violations and other wage violations.

40.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.    Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

41.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.    The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant.    A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendant's policies.

## FACTS

42.    Named Plaintiff Kirby worked for Defendant as a server and in other positions at Friendly's location on James Street in Syracuse, New York, between October 2013 April 2019.

43.    Named Plaintiff Kirby typically worked as a server three to four days per week from October 2013 to April 2019. Named Plaintiff Kirby generally worked approximately 30-35 hours per week for most of her time with the Defendant and 20 hours per week near the end.

44.    Named Plaintiff Kirby often worked washing dishes, scooping ice cream, performing food preparation work in the kitchen, and hostessing, in addition to her duties as a server. This work typically consisted of more than 50% of her duties in each shift.

45.    Named Plaintiff Kirby regularly worked as both a server and in other capacities on the same day and was paid the tip-credit minimum wage for all hours worked, regardless of whether she was performing work in a traditionally tipped role or not.

46.    12 N.Y.C.R.R. § 146-3.3(c) requires that "an employee may not be classified as a service employee [for whom employers are entitled to take a tip credit against minimum wage payments] on any day in which she or he has been assigned to work at an occupation in which tips are not customarily received for two hours or more or for more than 20 percent of her or his shift, whichever is less."

47.    Upon information and belief, Plaintiff Kirby regularly was assigned to work at occupations in which tips are not customarily received for more than the lesser of two hours or 20 percent of her shift, whichever is less, but Defendant still took a tip credit

against minimum wage for all hours worked by Kirby on those days.

48.    Upon information and belief, Plaintiff Kirby was classified by Defendant as eligible to be paid at the lower "tip-credit" minimum wage even on days for which she was precluded from being so classified pursuant to 12 N.Y.C.R.R. § 146-3.3(c).

49.    While working for Defendant, Plaintiff Kirby was required to wear and maintain a "Friendly's" uniform.

50.    Plaintiff Kirby did not receive Uniform Maintenance Pay as required under 12 N.Y.C.R.R. § 146-1.7.

51.    Upon information and belief, Plaintiff Kirby was not furnished with sufficient number of uniforms consistent with the average number of days per week worked by her.

52.    Upon information and belief, Plaintiff Kirby worked on days where the time between the start time and end time of her shift exceeded ten hours without receiving "spread of hours" pay as required under 12 N.Y.C.R.R. § 146-1.6.

53.    Defendant took a tip credit against Plaintiff Kirby's wages for all hours worked, despite Plaintiff Kirby often not receiving sufficient tips to ensure that she received minimum wage for all hours worked, between her tips and the lower tip-credit minimum wage paid to her.

54.    Named Plaintiff Sullivan worked for Defendant as a server and a lead cook at the Friendly's location on James Street in Syracuse, New York, between June 2017 and April 2019.

55.    When working as a server, named Plaintiff Sullivan typically worked five to six days per week. Named Plaintiff Sullivan generally worked approximately 50 hours

per week for most of his time with the Defendant.

56.    Named Plaintiff Sullivan often worked washing dishes, scooping ice cream, performing food preparation work in the kitchen, and hosting, in addition to his duties as a server. This work typically consisted of more than 50% of her duties in each shift.

57.    During their employment, Plaintiffs were required to perform work such as cleaning walls and tables, cleaning silverware, washing and cleaning plates and glasses, sweeping and mopping floors, setting up tables and chairs, folding napkins, performing maintenance, delivering items to storage, and taking out garbage ("Non-Tipped Work"). Plaintiffs performed this Non-Tipped Work upon information and belief, Plaintiffs performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of Plaintiffs' time at work, while being paid at the "tip-credit" minimum wage rate.

58.    Upon information and belief, like Named Plaintiffs, the members of the putative class and collective were paid at a tip-credit minimum wage level below the regular minimum wage rate for time they were assigned to be servers, bussers, or bartenders, and were permitted to keep only a portion of their earned tips.

59.    Upon information and belief, like Named Plaintiffs, the members of the putative class never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours.

60.    Upon information and belief, like Named Plaintiffs, the members of the putative class never received Uniform Maintenance payments, despite being required to maintain their own uniforms and not being subject to any exceptions from Uniform

Maintenance payment requirements.

61.    Upon information and belief, like Named Plaintiffs, the members of the putative class performed Non-Tipped Work for approximately 2 to 4 hours of each shift they worked, generally amounting to more than twenty percent (20%) of their time at work, during days when Defendant took a tip credit against minimum wage payments.

62.    Like Named Plaintiffs, the members of the putative class were required to pay a portion of their tips towards "expeditors" who were not eligible to share in tip pools.

63.    Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, Defendant constitute an "enterprise engaged in commerce."

64.    Defendant constitute employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

65.    Defendant are employers, within the meaning contemplated, pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

66.    Plaintiffs are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

67.    Plaintiffs are employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

68.    The payments made by Defendant to Plaintiffs, and gratuities received by Plaintiffs constitute "wages."

69.    Defendant never provided Plaintiffs with all required wage notices during

their time of employment in violation of NYLL § 195(1) and §§ 198-1(b)

70.    Defendant never provided Plaintiffs with proper wage statements or pay stubs during their time of employment in violation of NYLL §§ 195(3) and 198-1(d) and 12 NYCRR § 146-2.2 and 2.3.

## FIRST CAUSE OF ACTION:
## FLSA - MINIMUM WAGE COMPENSATION

71.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

72.    Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

73.    Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may "may not exceed the value of the tips actually received by an employee."

74.    Defendant took "tip credits" against minimum wage which exceeded the value of the tips actually received by employees.

75.    Defendant failed to pay Plaintiffs all earned minimum wages for the time they worked for Defendant in any given week.

76.    The failure of Defendant to pay Plaintiffs their rightfully owed wages was willful.

77.    By the foregoing reasons, Defendant are liable to in an amount to be

determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION:
## NEW YORK - FAILURE TO PAY WAGES

78.     Named Plaintiffs reallege and incorporate by reference all the allegations set forth above.

79.     Pursuant to Article Six of the NYLL, workers such as Plaintiffs are protected from wage underpayments and improper employment practices.

80.     Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

81.     As persons employed for hire by Defendant, Plaintiffs are "employees," as understood in Labor Law § 190.

82.     Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

83.     As an entity that hired Plaintiffs, Defendant is an "employer."

84.     Plaintiffs wage rate was within the meaning of NYLL §§ 190, 191.

85.     Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

86.     In failing to pay Plaintiffs proper wages for time worked after forty hours in one week, Defendant violated Labor Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

87.     Pursuant to Labor Law § 193, "No employer shall make any deduction

from the wages of an employee," such as Plaintiffs that is not otherwise authorized by law or by the employee.

88.     By withholding wages from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendant made unlawful deductions in wages owed to Plaintiffs.

89.     Upon information and belief, Defendant's failure to pay Plaintiffs full wages every week was willful.

90.     By the foregoing reasons, Defendant have violated NYLL § 198 and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK - MINIMUM WAGE COMPENSATION

91.     Plaintiffs reallege and incorporate by reference all the allegations set forth above.

92.     New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. See 12 NYCRR §§ 146-1.2, 146-1.3.

93.     New York Labor Law § 652 requires that "[e]very employer shall pay to each of its employees for each hour worked a wage of not less than" the amounts specified in the statute.

94.     12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate" is a specified rate which varies based on the date and geographic location of the work performed.

95.     12 NYCRR § 146-1.3 states that "[a]n employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives

14

enough tips and if the employee has been notified of the tip credit as required in section 146-2.2." Over the course of the relevant period, a food service worker must have received a wage rate which varied based upon the date and geographic location of the work performed. See 12 NYCRR § 146-1.3(b).

96. 12 NYCRR § 146-2.9 states that "[o]n any day that a service employee or food service worker works at a non-tipped occupation (a) for two hours or more, or (b) for more than 20 percent of his or her shift, whichever is less, the wages of the employees shall be subject to no tip credit for that day . . ."

97. NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

98. Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

99. As persons employed for hire by Defendant, the Plaintiffs were "employee[s]," as understood in NYLL § 651.

100. Pursuant to NYLL § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

101. As an entity that hired Plaintiffs, Defendant constitutes Plaintiff "employer."

102. Upon information and belief, Plaintiffs worked at a non-tipped occupation for more than 2 hours a day and/or more than twenty percent (20%) of their shifts, and

Defendant were ineligible to take "tip-credit" and pay employees less than the minim

wage for non-tipped employees pursuant to 12 NYCRR §§ 146-2.9.

103.   Upon information and belief, Defendant failed to pay Plaintiffs minimum

wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.2, 146-1.3, and

NYLL § 663.

104.   Upon information and belief, Defendant's failure to pay Plaintiffs

minimum wages was willful.

105.   By the foregoing reasons, Defendant have violated 12 NYCRR §§ 146-

1.2, 146-1.3, and NYLL § 663, and are liable to Plaintiffs in an amount to be determined

at trial, plus liquidated damages, interest, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION:**
**NEW YORK –SPREAD OF HOURS COMPENSATION**

106.   Plaintiffs reallege and incorporate by reference all the allegations set forth

above.

107.   Title 12 NYCRR § 146-1.6 requires that "On each day on which the

spread of hours exceeds 10, an employee shall receive one additional hour of pay at the

basic minimum hourly rate."

108.   Defendant failed to pay Plaintiffs "spread of hours" compensation.

109.   Upon information and belief, Defendant's failure to pay "spread of hours"

compensation was willful.

110.   By the foregoing reasons, Defendant have violated 12 NYCRR § 146-1.6

and are liable to Plaintiffs in an amount to be determined at trial, plus liquidated

damages, interest, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION:**

16

## **NEW YORK– FAILURE TO PROVIDE ANNUAL WAGE NOTICES**

111.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

112.    Defendant have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

113.    Plaintiffs did not receive all required wage notices during their employment with Defendant.

114.    Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendant have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

115.    According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees.

116.    By the foregoing reasons, Defendant have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus

liquidated damages, interest, attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## NEW YORK - FAILURE TO PROVIDE WAGE STATEMENTS

117.    Plaintiffs reallege and incorporate by reference all the allegations set forth above.

118.    Pursuant to NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

119.    According to NYLL § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub and/or wage statement, or a total of $2500, together with costs and reasonable attorney's fees.

120.    Plaintiffs did not receive proper paystubs each week that they worked.

121.    By the foregoing reasons, Defendant have violated NYLL §§ 198-1(d) and 195(3) and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION:
## UNIFORM MAINTENANCE ALLOWANCE

122.    Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

123.    The NYLL and the regulations promulgated thereunder, 12 NYCRR §142-2.5(c)(1)(i), provide that "[w]here an employer fails to launder or maintain required uniforms for any employee, he shall pay such employee in addition to the minimum wage" a weekly amount based on the number of hours worked by such employee, "where employees who work over 30 hours per week shall be paid the High rate, employees who work more than 20 hours but fewer than 30 hours shall be paid the Medium rate and employees who work 20 hours or fewer shall be paid the Low rate."

124.    Labor Law § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

125.    Defendant failed to pay the Named Plaintiffs and members of the putative class their uniform maintenance allowance at the proscribed weekly amount.

126.    Upon information and belief, the failure of Defendant to pay the Named Plaintiffs and members of the putative class their rightfully owed uniform maintenance allowance was willful.

127.    By the foregoing reasons, Defendant is liable to the Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly

situated demand judgment:

(1)    on their first cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2)    on their second cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(3)    on their third cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(4)    on their fourth cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(5)    on their fifth cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(6)    on their sixth cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(7)    on their seventh cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; along with

(8)    whatever other and further relief the Court may deem appropriate.

Dated:  New York, New York
        October 22, 2019

                                    **VIRGINIA & AMBINDER, LLP**


                                    _____/s_____
                                    James Emmet Murphy
                                    **VIRGINIA & AMBINDER, LLP**
                                    40 Broad Street, Seventh Floor
                                    New York, New York 10004
                                    (212) 943-9080

                                            -and-

                                    Frank S. Gattuso
                                    **GATTUSO & CIOTOLI, PLLC**
                                    7030 E. Genesee Street
                                    Fayetteville, New York 13066
                                    (315) 314-8000


                                    *Attorneys for the Plaintiffs and the Putative Class*