**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**BRITTANI KIRBY and KAREEM**
**SULLIVAN,** *on behalf of all other*
*persons similarly situated,*

                                    **Plaintiffs,**

                **v.**                                           **5:19-CV-1306**
                                                                    **(FJS/ML)**

**FIC RESTAURANTS, INC.,**

                                    **Defendant.**

_____

**APPEARANCES**                             **OF COUNSEL**

**GATTUSO & CIOTOLI, PLLC**              **FRANK S. GATTUSO, ESQ.**
The White House
7030 East Genesee Street
Fayetteville, New York 13066
Attorneys for Plaintiffs

**VIRGINIA & AMBINDER, LLP**            **JAMES E. MURPHY, ESQ.**
40 Broad Street, 7th Floor
New York, New York 10004
Attorneys for Plaintiffs

**OGLETREE DEAKINS**                         **AARON WARSHAW, ESQ.**
599 Lexington Avenue                             **SHABRI BALIGA, ESQ.**
Ste 17th Floor
New York, New York 10022
Attorneys for Defendant


**SCULLIN, Senior Judge**

- 1 -

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Pending before the Court is the parties' unopposed motion for approval of their settlement agreement, attorneys' fees, and costs. *See* Dkt. No. 18. Specifically, the parties seek the Court's action with respect to the following:

(1) approving the $750,000 settlement set forth in the Settlement Agreement and Release ("Settlement Agreement"), and ruling that the Settlement Agreement is binding on all Parties;

(2) ordering entry of the Approval Order attached to the Settlement Agreement;

(3) approving the proposed Notice of Settlement attached to the Settlement Agreement and directing its distribution;

(4) approving service awards as outlined in the Settlement Agreement;

(5) awarding Plaintiffs' counsel's attorneys' fees and costs, as outlined in the Settlement Agreement;

(6) approving Plaintiffs' proposed settlement procedure;

(7) approving the Settlement Claims Administrator's fees;

(8) dismissing the case with prejudice; and

(9) retaining jurisdiction as necessary for the purpose of enforcing the Settlement Agreement.

*See* Dkt. No. 18 at 1-2.

**II. BACKGROUND**

On October 22, 2019, Plaintiffs Brittani Kirby and Kareem Sullivan filed a Class Action Complaint against FIC Restaurants, Inc. ("Defendant") alleging seven causes of action for various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). *See generally* Dkt. No. 1, Class Compl. The named Plaintiffs, who were tipped

servers working at a Friendly's restaurant in Syracuse, New York, generally alleged that Defendant failed to pay them minimum wage for all hours worked, required them to work "off the clock" without pay, failed to pay overtime and "spread of hours" compensation, failed to provide annual wage notices and accurate wage statements, and failed to provide a uniform maintenance allowance. *See id.* at ¶¶ 71-127.

The parties seek approval of the proposed settlement, as memorialized in the Settlement Agreement, which requires Defendant to pay a Gross Settlement Amount of $750,000. *See* Dkt. No. 18. According to the Agreement, after deductions for plaintiffs' attorneys' fees and costs, administrator fees, and service awards, the remaining amount of money will be placed in a Net Settlement Fund to cover Defendant's obligations under the settlement. *See* Dkt. No. 18-3, Proposed Settlement Agreement, at § 2.15. The Net Settlement Fund is designed to compensate a nationwide class of Defendant's employees ("the Settlement Class") consisting of two subclasses.

The first subclass, the "New York Class," consists of "all current and former tipped servers employed by Defendant at its restaurants in New York," who were allegedly paid under full minimum wage for all hours worked, required to work off the clock, or were not paid overtime for hours worked in excess of forty hours per week from October 18, 2013, through the date of the Court's Approval Order. *See id.* at § 2.16. The second subclass, the "FLSA Collective," includes "all current and former tipped servers employed by Defendant at its restaurants in New York, Connecticut, Maine, Massachusetts, Vermont, New Hampshire, Virginia, Rhode Island, and Pennsylvania," who were allegedly paid under full minimum wage for all hours worked, required to work off the clock, or were not paid overtime for hours worked in excess of forty

hours per week from October 18, 2016, through the date of the Court's Approval Order.  *See id.* at § 2.12.

According to the proposed Settlement Agreement, payments would be made based on the number of weeks worked during the relevant period.  *See id.* at § 4.4.  Additionally, under the proposed Agreement, both the New York Class and the FLSA Collective would "opt in" to the settlement by endorsing and depositing the checks that they receive with notice of the action. *See* Dkt. No. 18-3, Ex. A, Proposed Notice to Opt-In Pls.  Notably, as of yet, none of the proposed Settlement Class members have received notice of this action.

Because the NYLL and FLSA have different standards that must be met before the Court can approve the settlement, the Court analyzes the Settlement Agreement with respect to the New York Class and the FLSA Collective in turn before addressing the parties' remaining requests.

### III. DISCUSSION

#### A.  The New York Class

"Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied."  *In re Am. Int'l Group, Inc. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012) (citation omitted).  After a class is certified, "[a]pproval of a class action settlement involves a two-step process.  First, the court preliminarily approves the proposed settlement by evaluating the written submissions and informal presentations of the settling parties, as well as the negotiating process leading to the settlement."  *Rosario v. Emz Sols. LLC*, No. 18-CV-3297, 2019 U.S. Dist. LEXIS 198668, *20 (E.D.N.Y. Nov. 13, 2019) (citations omitted).  "Second, once notice has been sent to the class, the court holds a final fairness hearing to 'determine whether the settlement's terms are fair,

adequate, and reasonable . …'" *Id.* (quoting *Capsolas v. Pasta Res., Inc.*, No. 10-CV-5595, 2012 U.S. Dist. LEXIS 144651, *12 (S.D.N.Y. Oct. 5, 2012)).  In this case, the Court must certify the New York Class, but the parties further request that the Court respond to the pending motion by approving the settlement, finding it fair and reasonable, and dismissing the case with prejudice.  *See* Dkt. No. 18 at 1-2.  In essence, the parties are asking the Court to skip the preliminary approval at the first step and conduct a fairness hearing without having notified the members of the Settlement Class of the pending litigation.  *See generally id.*

The Court must first determine whether to certify the New York Class.  To do so, "the court must assess whether the proposed class satisfies Rule 23(a)'s four threshold requirements: (1) numerosity ("the class is so numerous that joinder of all members is impracticable"), (2) commonality ("there are questions of law or fact common to the class"), (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"), and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class"')."  *In re Am. Int'l Group, Inc. Sec. Litig.*, 689 F.3d at 238 (quoting Fed. R. Civ. P. 23(a)).  "The district court must also determine whether the action can be maintained under Rule 23(b)(1), (2), or (3)."  *Id.*  Rule 23(b)(3) "permits certification where 'the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'"  *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).  "If the class satisfies the requirements of Rules 23(a) and (b), then the district court must separately evaluate whether the settlement agreement is 'fair, reasonable, and adequate' under Rule 23(e)."  *Id.*

The Court finds that the proposed New York Class members meet all of the requirements for class certification under Rule 23(a) and (b)(3).  First, "'[n]umerosity is presumed at a level of 40 members…'"  *Elliot v. Leatherstocking Corp.*, No. 3:10-CV-934 (MAD/DEP), 2012 U.S. Dist. LEXIS 171443, *5 (N.D.N.Y Dec. 4, 2012) (quotation omitted).  In their complaint, Plaintiffs contend that the putative class is so numerous that joinder of all members is impracticable and that the size of the class is believed to be in excess of 100 employees.  *See* Dkt. No. 1 at ¶ 37.  Second, all of the class members raise common issues of fact relating to Defendant's failure to pay minimum wage, overtime, and "spread of hours" compensation, unlawfully retaining or distributing employees' tips, and failing to provide Plaintiffs with proper wage notices and wage statements.  *See id.* at ¶ 38.  Third, Plaintiffs satisfy the Rule 23(a)(3) typicality requirement "because all class members' claims are based on the same factual and legal theories[; and, further,] all class members suffered the same injury."  *Elliot*, 2012 U.S. Dist. LEXIS 171443, at *6 (citing *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713, 2010 U.S. Dist. LEXIS 18913, *5 (S.D.N.Y. 2010) (the class members sustained the same injury – defendants' failure to pay proper overtime and mandatory gratuities paid by customers)).  Fourth, the named Plaintiffs retained counsel experienced in complex wage and hour collective and class-action litigation; and, in addition, "there is no evidence that plaintiffs' and the class members' interests are at odds."  *Id.* (citation omitted); *see also* Dkt. No. 1 at ¶ 39.

Furthermore, "[b]ecause the parties are simultaneously seeking to certify a settlement class and settle a class action, the elements of Rule 23(c) notice for class certification and Rule 23(e) notice for settlement or dismissal must both be met."  *Chang v. Philips Bryant Park LLC*, No. 17 Civ. 8816, 2019 U.S. Dist. LEXIS 185297, *34 (S.D.N.Y. Oct. 23, 2019) (citation omitted).  "First, under Rule 23(c)(2)(B), 'the court must direct [that] class members [be provided with]

the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" *Id.* (quoting Fed. R. Civ. P. 23(c)(2)(B)). Rule 23(e)(1), governing settlement of class action claims, "similarly requires notice in a 'reasonable manner' to class members bound by the settlement." *Id.* (quoting Fed. R. Civ. P. 23(e)(1)). Notice under Rule 23(c) for Rule 23(b)(3) classes must set forth the following:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

As the Court noted above, once notice is sent to the class, "to grant final approval of a Settlement, the Court must determine whether the Proposed Settlement is 'fair, reasonable and adequate.'" *Cruz v. Sal-Mark Rest. Corp.*, No. 1:17-CV-0815 (DJS), 2019 U.S. Dist. LEXIS 13529, *10 (N.D.N.Y. Jan. 28, 2019) (quoting [*Elliot*,] 2012 U.S. Dist. LEXIS 171443, at *7); *see also* Fed. R. Civ. P. 23(e). "Courts examine procedural and substantive fairness in light of the 'strong judicial policy favoring settlements' of class action suits."[1] *Id.* (quoting *Wal-Mart*

---

[1] "To determine whether a settlement is procedurally fair, courts examine the settlement's terms and the negotiating process leading to settlement." *Elliot*, 2012 U.S. Dist. LEXIS 171443, at *7 (quoting *Wal-Mart Stores, Inc. [v. Visa U.S.A. Inc.]*, 396 F.3d [96,] 116-117 [(2d Cir. 2005)] (citation omitted)). "'Arm's length negotiations involving counsel and a mediator raise the presumption that a settlement meets the required needs of due process.'" *Id.* (quoting [*Wal-Mart Stores, Inc.*, 396 F.3d] at 116). "To determine if a settlement is substantively fair, the Court should examine the [nine factors] set forth by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)." *Id.* at *8.

*Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quotation marks and citation omitted)).

Here, the Court certifies the New York Class as defined in section 2.16 of the proposed Settlement Agreement.[2]  However, the Court declines to undertake the fairness analysis at this time because the New York Class members have not yet received notice of the pending case and proposed Settlement Agreement as Rule 23 requires.  Under the parties' current scheme, members of the Settlement Class are not provided with notice or an opportunity to opt-in until after they receive their checks from Defendant.  *See* Dkt. No. 18-3, Ex. A.  Defendant cannot send out those checks until after the fairness hearing has been held.  Thus, the Settlement Class members are deprived of a meaningful opportunity to participate in the litigation and to be heard as to the fairness of the Settlement Agreement.  *See generally* Dkt. No. 18-3; *see also, e.g.*, *Xiao Ling Chen v. Xpresspa at Terminal 4 JFK LLC*, No. 15-CV-1347, 2018 U.S. Dist. LEXIS 169758, *15 (E.D.N.Y. Mar. 30, 3018) (hereinafter *Chen I*) (rejecting a similar check-depositing "opt-in" scheme because it did not meet the requirements under Rule 23 or the FLSA); *Rosario*, 2019 U.S. Dist. LEXIS 198668, *39-*42 (same).

The proposed Settlement Agreement does not provide for any other notice to the New York Class members; those class members have not even received notice of the current action pending before the Court.  Moreover, as the Court in *Chen I* noted in a very similar case, "[i]f the Court dismisses the case, then recipients of the settlement checks would have no litigation to

---

[2] Section 2.16 defines the New York class to mean "all current and former tipped servers employed by Defendant at its restaurants who were allegedly paid under full minimum wage for all hours worked and all hourly employees who were allegedly [ ] required to work off the clock, were allegedly paid under full minimum wage for all hours worked, or who allegedly were not paid overtime for hours worked in excess of forty (40) hour[s] per week … from October 18, 2013 through the date of the Approval order, which the Parties have stipulated for settlement purposes only."  *See* Dkt. No. 18-3 at § 2.16.

opt in to." *Chen I*, 2018 U.S. Dist. LEXIS 169758, at *17.  "Indeed, it is not clear how this Court would have jurisdiction to decide whether a settlement is fair with respect to individuals over whom the Court has not yet acquired personal jurisdiction." *Id.*  Therefore, for all of these reasons, the Court rejects the proposed Settlement Agreement with respect to the New York Class.

## B.  The FLSA Collective

Regarding the FLSA Collective, "[t]he Second Circuit has explained that the parties must obtain approval from the district court before a settlement and stipulation of dismissal relating to a plaintiff's FLSA claims may take effect."  *Chen I*, 2018 U.S. Dist. LEXIS 169758, at *13 (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016)).  "That requirement 'is consistent with what both the Supreme Court and [the Second Circuit] have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work."'"  *Id.* at *13-*14 (quoting [*Cheeks*, 796 F.3d at 206] (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493, 65 S. Ct. 807, 89 L. Ed. 1095 (1945))).  "In considering whether to approve an FLSA settlement, courts consider whether the agreement 'reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id.* at *14 (quoting *Le v. Sita Info. Networking Computing USA, Inc.*, No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, *1-*2 (E.D.N.Y. June 12, 2008) (other citation omitted)).

Putting aside issues related to the reasonableness of the settlement, the Court first addresses the fact that the "FLSA does not allow the cashing of a settlement check to serve as an employee's consent to become a collective member[.]"  *Douglas v. Allied Universal Sec. Servs.,*

371 F. Supp. 3d 78, 85 (E.D.N.Y. Mar. 29, 2019) *reconsideration denied* by 381 F. Supp. 3d 239 (E.D.N.Y. May 30, 2019) (citing 29 U.S.C. § 216(b)[3]).  Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. § 216(b).  As the *Douglas* court noted, "[w]hile the proposed settlement contains opt-in language on the back of every check, which would be signed by any employee cashing it, there is no mechanism in the agreement for filing such consent with the Court.  That renders the proposed collective action settlement incompatible with § 216(b)."  *Id.* (citation omitted).

Moreover, the Second Circuit has specified *when* a court may approve a proposed settlement agreement.  "*Cheeks* requires that the Court approve a proposed settlement as fair *after* suit has been filed and *before* the claims may be dismissed."  *Chen I*, 2018 U.S. Dist. LEXIS 169758, at *17 (citing [*Cheeks*,] 796 F.3d at 206).  "The procedure set forth in the [proposed Settlement] Agreement—namely that an individual opts in and simultaneously settles his or her FLSA claim by depositing a check—simply makes no sense in the context of *Cheeks*."  *Id.*; *see also Xiao Ling Chen v. Xpressspa at Terminal 4 JFK, LLC*, No. 15-CV-1347, 2019 U.S. Dist. LEXIS 195988, *29 (E.D.N.Y. Aug. 21, 2019) (hereinafter *Chen II*) (holding that it was unclear how such a check-depositing opt-in procedure comported with *Cheeks*'s mandate that a court approve a proposed settlement as fair before the claims are dismissed).

After the parties failed to alter the notice provision in the settlement agreement rejected in *Chen I*, the court in *Chen II* further explained its concerns regarding the check-depositing "opt-in" system.  *See Chen II*, 2019 U.S. Dist. LEXIS 195988, at *29.  The *Chen II* court

---

[3] This statute provides a right of action – including in the form of collective actions – and the right to damages, attorneys' fees, and costs for violations of the FLSA.  *See* 29 U.S.C. § 216(b).

acknowledged, as it did in *Chen I*, that it was uncertain how it could have jurisdiction to decide

if a settlement was fair when the affected individuals were not before the court because they had

not yet opted in.  *See id.*  The *Chen II* court also indicated that it was "troubled by the fact that

many of the workers affected by this settlement may not be particularly sophisticated… ."  *Id.*

The court further speculated:

> Human nature suggests that a person receiving a check in the mail, accompanied
> by a complicated letter that tells the recipient that the Court had already approved
> the settlement, would be very likely to simply cash the check, not recognizing the
> consequences of his actions and not comprehending the notion that if he or she did
> not cash the check, he or she would not be considered part of the class and could
> bring separate claims if they wished. … [T]his is essentially a Hobson's choice
> effectively depriving the employee of any opportunity to voice concerns about the
> settlement and giving him no alternative "but to accept the … check." …

*Id.* (citing [*Chen I*, 2018 U.S. Dist. LEXIS 169758, at *17]).

As the Court discussed with respect to the New York Class, the proposed Settlement

Agreement deprives individuals of the opportunity to be heard, requests that the Court

determine the fairness of the settlement simultaneously with its dismissal, and inexplicably

permits FLSA Collective members to "opt in" to a case that has already been dismissed.

Furthermore, this method does not comply with the requirements in § 216(b).  Thus, the Court

adopts the reasoning of the courts from the Eastern District that have considered these issues

and rejects the proposed Settlement Agreement with respect to the FLSA Collective.

### C.  Proposed attorneys' fees and costs, administrator fees, and the proposed service award

As the Court explained above, the proposed procedure for notifying New York Class and

FLSA Collective members would call upon the Court to decide the fairness of a settlement with

respect to individuals who are not yet parties to the litigation and who have been provided with

no notice of the hearing; and, as such, it would raise significant Due Process concerns.  *See*

*Chen I*, 2018 U.S. Dist. LEXIS 169758, at *15.  Therefore, it does not make sense for the Court to complete its analysis of the proposed attorneys' fees and costs, administrator fees, and the proposed service awards now, when none of those class and collective members have had an opportunity to be heard.  As such, the Court neither accepts nor rejects these awards at this time and will only address them after the Settlement Class members have been notified of the litigation and are provided an opportunity to attend the fairness hearing.

### D.  Next steps

To obtain the Court's approval of their settlement, the parties must change the notice provision of their proposed Settlement Agreement to comply with Rule 23 and the FLSA requirements set forth in 29 U.S.C. § 216(b) and *Cheeks*.  The Settlement Class must be made aware of the ongoing litigation, their rights as part of the class, how potential class members can opt-in to the settlement, and that they may attend the fairness hearing.  The parties must then submit their revised Settlement Agreement with the Court for preliminary approval.  If the Court preliminarily approves the parties' revised Settlement Agreement, the parties would then need to send out the notices to the proposed Settlement Class members.  Only after the members of the proposed Settlement Class have received their notices may the Court hold a final fairness hearing.  If the Court finds that the Settlement Agreement is fair at that time, then the Court will approve the final settlement, and the parties can send the checks to the Settlement Class members for depositing.

### IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the parties' motion to approve the proposed settlement as articulated in the Settlement Agreement, *see* Dkt. No. 18, is **DENIED**; and the Court further

**ORDERS** that, to the extent the parties are requesting that the Court certify the New York Class as defined in section 2.16 of the proposed Settlement Agreement, that request is **GRANTED**; and the Court further

**ORDERS** that the parties revise their proposed Settlement Agreement and re-file it with the Court for preliminary approval within **thirty (30) days** of the date of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated:  May 28, 2020
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge