**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**BRITTANI KIRBY and KAREEM**
**SULLIVAN,** *on behalf of all other*
*persons similarly situated,*

                                    **Plaintiffs,**

               **v.**                                   **5:19-CV-1306**
                                                   **(FJS/ML)**

**FIC RESTAURANTS, INC.,**

                                    **Defendant.**

_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **GATTUSO & CIOTOLI, PLLC** | **FRANK S. GATTUSO, ESQ.** |
| The White House | |
| 7030 East Genesee Street | |
| Fayetteville, New York 13066 | |
| Attorneys for Plaintiffs | |
| **VIRGINIA & AMBINDER, LLP** | **JAMES E. MURPHY, ESQ.** |
| 40 Broad Street, 7th Floor | |
| New York, New York 10004 | |
| Attorneys for Plaintiffs | |
| **OGLETREE DEAKINS** | **AARON WARSHAW, ESQ.** |
| 599 Lexington Avenue | **SHABRI BALIGA, ESQ.** |
| Ste 17th Floor | |
| New York, New York 10022 | |
| Attorneys for Defendant | |

**SCULLIN, Senior Judge**

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR
### PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT

      Pending before the Court is Plaintiffs' unopposed motion for preliminary approval of a

proposed class action settlement. For the reasons set forth below, Plaintiffs' motion is granted.

## I. BACKGROUND AND PROCEDURAL HISTORY

1.      Plaintiffs Brittani Kirby and Kareem Sullivan filed a Class Action Complaint against FIC Restaurants, Inc. ("Defendant") on October 22, 2019, alleging seven causes of action for various violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") that occurred while working as tipped servers at Friendly's restaurants. *See generally* Dkt. No. 1, Class Compl.

2.      On April 14, 2020, Plaintiffs filed an unopposed motion for the Court's approval of their proposed Settlement Agreement, which was designed to compensate a nationwide class of Defendant's employees ("the Settlement Class") consisting of two subclasses, the "New York Class" and the "FLSA Collective." *See* Dkt. No. 18; *see also* Dkt. No. 18-3 at §§ 2.12, 2.16.

3.      The Court denied that motion, except to the extent that it certified the New York Class. *See* Dkt. No. 22 at 13 ("May 28th Order").

4.      The Court ordered that the New York Class constitutes the following:

> All current and former tipped servers employed by Defendant at its restaurants who were allegedly paid under full minimum wage for all hours worked and all hourly employees who were allegedly [ ] required to work off the clock, were allegedly paid under full minimum wage for all hours worked, or who allegedly were not paid overtime for hours worked in excess of forty (40) hour[s] per week … from October 18, 2013 through the date of the Approval order, which the Parties have stipulated for settlement purposes only.

*Id.* at 8, n.2 (quoting Dkt. No. 18-3 at § 2.16).

5.      In its May 28th Order, the Court found that the parties' check-depositing "opt-in" scheme failed to satisfy the notice requirements for both the New York Class and the FLSA Collective. *See generally id.* at 6-11.

6.      In response to that Order, Plaintiffs filed an unopposed motion for preliminary approval of the parties' Revised Settlement Agreement, which is now pending before the Court. *See* Dkt. No. 23.

## II. DISCUSSION

**A. The Revised Settlement Agreement**

7.      The Revised Settlement Agreement creates a fund of $750,000 (the "Settlement Fund") to settle this action on behalf of tipped servers and non-server hourly employees who worked at Friendly's restaurants in New York at any point from October 18, 2013, through the date of this Order, and tipped servers and non-server hourly employees who worked at Friendly's restaurants in Connecticut, Maine, Massachusetts, Vermont, New Hampshire, Virginia, Rhode Island, and Pennsylvania at any point from October 18, 2016 through the date of this Order. *See generally* Dkt. No. 23-2, Revised Settlement Agreement, at §§ 2.17, 2.21, 2.34. The Settlement Fund covers Settlement Class members' awards, the Named Plaintiffs' service awards, attorneys' fees and costs, and settlement claims administration costs. *See id.* at §§ 4.2-4.4. After distributing the attorneys' fees and costs, settlement claims administration costs, and service awards for the Named Plaintiffs, the remaining funds (the "Net Settlement Fund") will be allocated among the participating Settlement Class members. *See id.* at § 4.4. The award from the Net Settlement Fund for each class member is based upon the point system in Section 4.4 of the Revised Settlement Agreement, which considers each individual members' dates of employment, number of hours worked, and location where they worked. *See id.* at § 4.4(B).

8.      As compared to the originally proposed Settlement Agreement that the Court rejected in its May 28th Order, the Revised Settlement Agreement provides that, following this Order, the Settlement Claims Administrator will be authorized to provide the Settlement Class members with the Notice of Pendency of Class and Collective Action Lawsuit and Settlement ("Notice") along with the Claim Form and its attachments. *See* Dkt. Nos. 23-2, Exs. 1, 3.

9.      The Claim Form will be individualized to each member of the New York Class or FLSA Collective, setting forth the number of weeks and hours each worked according to Defendant's records, providing each member the opportunity to agree with the Defendant's records or to dispute those records and submit what he or she considered to be correct information, and reminding them of the deadlines to complete and return the Claim Form to the Settlement Claims Administrator. *See* Dkt. No. 23 at 2. The proposed Notice informs the Settlement Class members that, by returning a completed Claim Form, they consent to the settlement and have elected to participate in it and receive an individual settlement payment. *See id.*

10.     In accordance with Federal Rule of Civil Procedure 23, New York Class members are also advised of their right to "Opt-Out" of the litigation and settlement, and that, by doing so, they are not bound by the settlement, any judgment entered in the case, and they are not deemed to have released any claims. *See id.* at 3. New York Class members are also informed of their right to Object to the settlement. *See id.*

11.     After the Settlement Claims Administrator distributes the Notices and Claim Forms and the deadline expires for timely return of either a Claim Form, Opt-Out, or Objection, the Court will hold the Final Fairness Hearing to determine whether to finally approve the settlement. *See id.* If the Court approves the settlement after the Final Fairness Hearing, it

would then authorize the Settlement Claims Administrator to withdraw funds from the Qualified Settlement Fund to distribute to the final Settlement Class members. *See id.* The Qualified Settlement Fund is the account that the Settlement Claims Administrator establishes, as defined in Section 2.29 of the Revised Settlement Agreement. *See* Dkt. No.23-2 at § 2.29.

### B. Preliminary Approval of the Settlement

12.     In exercising its discretion to grant preliminary approval of a settlement agreement, which the parties request here, "the most significant factor for the district judge is the strength of plaintiffs' case balanced against the settlement offer." *In re Traffic Exec. Ass'n E. Railroads*, 627 F.2d 631, 633 (2d Cir. 1980) (citing *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d [1079,] 1085 [(2d Cir. 1971), *cert denied*, 404 U.S. 871 (1971)]). "Although the district judge in striking this balance should not convert the settlement hearings into a trial on the merits, he is required to explore the facts sufficiently to make an intelligent comparison between the amount of the compromise and the probable recovery." *Id.* (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974); *Saylor v. Lindsley*, 456 F.2d 896, 904 (2d Cir. 1972)). Granting preliminary approval "is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Id.* at 634 (citation omitted).

13.     With respect to the New York Class's settlement, Rule 23(c)(2)(B) first requires that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(e)(1), governing settlement of class action claims, similarly requires "notice in a reasonable manner to all class members who would

be bound by the proposal…" Fed. R. Civ. P. 23(e)(1)(B). The parties' Revised Settlement Agreement satisfies these notice requirements by providing members of the Settlement Class the following information: (1) the nature of the litigation and claims asserted; (2) the preliminarily approved Settlement Agreement and its terms, including the formula used to calculate individual settlement payments; (3) the claim form; (4) the options available to each member of the class or collective; (5) the consequences of each option; (6) how they may exercise their options; (7) the deadlines they have to make their decisions; and (8) the final settlement fairness hearing date. *See* Dkt. No. 23 at 2; *see also* Dkt. No. 23-2, Ex. 1, Notice to Members of the New York Class, at ¶¶ 1, 3, 4, 6-10).  The Court finds that the proposed Notice provisions in the Revised Settlement Agreement satisfy Rule 23's notice requirements.

14.      Next, Rule 23(e) by its terms requires that a class action settlement be "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2); *see also Cruz v. Sal-Mark Rest. Corp.*, No. 1:17-CV-0815 (DJS), 2019 U.S. Dist. LEXIS 13529, *10 (N.D.N.Y. Jan. 28, 2019); *Elliot v. Leatherstocking Corp.*, No. 3:10-CV-934 (MAD/DEP), 2012 U.S. Dist. LEXIS 171443, *7 (N.D.N.Y Dec. 4, 2012). "Courts examine procedural and substantive fairness in light of the 'strong judicial policy favoring settlements' of class action suits." *Cruz*, 2019 U.S. Dist. LEXIS 13529, at *10 (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (quotation marks and citation omitted)).

15.      Similarly, with respect to the FLSA Collective, "[u]nder *Cheeks*, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court and must 'satisfy the Court that their agreement is fair and reasonable.'" *Douglas v. Allied Universal Sec. Servs. LLC*, 371 F. Supp. 3d 78, 82 (E.D.N.Y. Mar. 29, 2019), *reconsideration denied by* 381 F. Supp. 3d 239 (E.D.N.Y. May 30, 2019) (quoting *Cortes v. New Creators, Inc.*, No. 15-CV-

5680, 2016 U.S. Dist. LEXIS 79757, *6 (S.D.N.Y. June 20, 2016) (quotations omitted) (citing *Cheeks* [*v. Freeport Pancake House, Inc.*], 796 F.3d [199,] 200 [(2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016)])).

16.     The Court concludes that the proposed Revised Settlement Agreement is within the range of possible final settlement approval because the parties have shown that it meets the threshold level of fairness, reasonableness, and adequateness required at this stage of the litigation. *See* Dkt. No. 18-1 at 9-13; Dkt. No. 23 at 3. The Court finds that the Revised Settlement Agreement is the result of arm's-length negotiations by counsel who are well-versed in prosecuting wage and hour class and collective actions after substantial informal discovery, including review of thousands of pages of payroll and time records. *See* Dkt. No. 18-1 at 9. Furthermore, the parties engaged a private mediator, Michael E. Dickstein, who has served as a mediator and arbitrator for employment disputes since 1992 and has mediated more than 600 class and collective actions across North America. *See id.* The mediation involved substantive arguments, exchanging numerous proposals, and lasted a full day before the parties were able to reach the originally proposed Settlement Agreement. *See id.* at 10. Additionally, the parties' counsel spent several weeks negotiating the final elements of the proposed original and Revised Settlement Agreements before filing the pending motion with the Court. *See id.*

17.     The Court also considers the substantial risks that Plaintiffs face in prosecuting this case through trial, including the fact that Defendant vigorously denies the allegations, that they may not have succeeded in maintaining a class or collective through trial, and that trial would involve significant risks for Plaintiffs as to liability, damages, and recoverability of any potential award. *See id.* at 10-11. In this regard, Plaintiffs' counsel acknowledged that, despite

the apparent strengths of their claims, Defendant and its counsel would zealously defend the case and there are no guarantees against a complete or partial defense verdict. *See id.* at 11.

18.     Finally, as the parties note in their Memorandum of Law, even if Plaintiffs ultimately prevailed, without expedited approval of the settlement there is a very high probability that Plaintiffs will receive minimal or no compensation at all. *See id.* at 12. Defendant provided Plaintiffs' counsel with financial information, which an independent accountant assessed; and those records demonstrate that, absent settlement of this action, workers may be left with no avenue to seek compensation for any underpayments. *See id.*

19.     For all of these reasons, the Court is satisfied that, to the extent necessary for preliminary approval, both the class and collective action settlements are fair and reasonable. Thus, the Court finds that it is appropriate to issue Notices to the Settlement Class.

**C. Appointment of Plaintiffs' counsel as Class Counsel**

20.     The Court appoints Plaintiffs' counsel, Gattuso & Ciotoli, PLLC, Virginia & Ambinder, LLP, and Fitapelli & Schaffer, LLP as Class Counsel because they meet the requirements of Federal Rule of Civil Procedure 23(g). "In deciding whether counsel is 'adequate' to represent the class, a court must consider 'the work counsel has done in identifying or investigating potential claims in the action, … counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, … counsel's knowledge of the applicable law, and … the resources counsel will commit to representing the class." *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 23(g)). These firms are experienced in plaintiffs'-side employment law, with decades of experience in litigating wage and hour class and collective claims. *See* Dkt. No.

18-1 at 9. Furthermore, these firms have done substantial work in identifying, investigating, and prosecuting the claims and negotiating the proposed settlement. *See generally id.* at 9-12.

**D. Approval of the Settlement Claims Administrator**

21.     The Court appoints A.B. Data, Ltd., to whom the parties have agreed, as the Settlement Claims Administrator and preliminarily finds that the estimated settlement administration costs of $45,000, as set forth in Dkt. No. 23-3, are fair and reasonable.

**E. Notice and deadlines**

22.     Within five (5) business days of this Order, Defendant shall provide the Settlement Claims Administrator and Plaintiffs' Counsel with a list, in electronic form, of all members of the New York Class and FLSA Collective including the following information: name, last known address, email addresses, last known phone number(s), social security number, dates of employment, hours worked each week, and locations worked as that information exists on file with Defendant and as set out in Section 3.3 of the Revised Settlement Agreement.

23.     Within five (5) business days of receiving the list described in Section 3.3 of the Revised Settlement agreement, the Settlement Claims Administrator shall issue each member of the New York Class and FLSA Collective a Notice and Claims Form.

24.     Class members will have forty-five (45) days from issuance of the Notice and Claims Form to submit a Claim Form, Opt-Out, or Object to the settlement.

25.     The date of the Final Fairness Hearing, to be documented on the Notice and Claims Form is **September 18, 2020, at 10:00 a.m**. at the James Hanley U.S. Courthouse & Federal Building, 100 South Clinton Street, Syracuse, New York.

26.     Following the Final Fairness Hearing, the Court may issue a final approval of the Revised Settlement Agreement, which would address the fairness and reasonableness of the Named Plaintiffs' service awards, attorneys' fees, costs, and expenses, and settlement claims administration costs.

27.     Within five (5) business days of the Final Effective Date, as defined in Section 2.15 of the Revised Settlement Agreement, the beneficiary of Defendant's Letter of Credit, as described in Section 2.34 of the Revised Settlement Agreement, shall present the Letter of Credit in the amount of $750,000 to the bank for funding of the Qualified Settlement Fund.

28.     Within ten (10) business days of the Final Effective Date, as defined in Section 2.15 of the Revised Settlement Agreement, the Settlement Claims Administrator shall distribute the service awards, attorneys' fees, costs and expenses, administration costs, and each final Settlement Class member's individual settlement payment.

29.     Final Settlement Class members will have eighty (80) days after those payments are distributed to cash their respective settlement checks. Settlement Class members may request a replacement check within this period.

30.     Any final Settlement Class member's individual settlement payment that has not been cashed within eighty (80) days after the post-marked date of mailing of the check shall be void and the funds will revert to the funder of the Letter of Credit.

31.     At that time, all interest and any remaining funds in the Qualified Settlement Fund will also revert to the funder of the Letter of Credit.

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' unopposed motion to preliminarily approve the proposed settlement as articulated in the Revised Settlement Agreement, *see* Dkt. No. 23, is **GRANTED**; and the Court further

**ORDERS** that the Final Fairness Hearing will be held on **September 18, 2020,** at **10:00 a.m.** at the **James Hanley U.S. Courthouse & Federal Building, 100 South Clinton Street, Syracuse, New York**; and the Court further

**ORDERS** that, no later than fourteen (14) days prior to the Final Fairness Hearing, Plaintiffs shall prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees and costs, settlement claims administration costs, and the service awards; and any objection thereto shall be filed no later than seven (7) days prior to the Final Fairness Hearing.

**IT IS SO ORDERED.**

Dated:  June 29, 2020
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge

- 11 -